FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 30, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

NORMAN A. MALLORY,

    Plaintiff - Appellant,

v.

ROCKY MOUNTAIN HUMAN
SERVICE SSVFT,

    Defendant - Appellee.

No. 22-1141
(D.C. No. 1:21-CV-00133-RMR-SKC)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Pro se Plaintiff Norman A. Mallory filed suit against Defendant Rocky

Mountain Services, a Colorado nonprofit organization, alleging that it had

discriminated against him because of his race in violation of Title VII. Plaintiff,

however, failed to plead an employer-employee relationship between him and

Defendant in his complaint. He conceded that no such relationship existed when he

amended his complaint pursuant to a magistrate judge's order. Plaintiff's amended

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

1

complaint nevertheless reasserted his claim under Title VII and added a theory of liability based on 42 U.S.C. § 1983.

Defendant moved for judgment on the pleadings and for summary judgment. The magistrate judge assigned to the matter issued a report and recommendation that recommended Defendant's motion for judgment on the pleadings be granted. The magistrate judge reasoned that Plaintiff's admission that no employer-employee relationship existed between him and Defendant precluded any relief under Title VII and that his § 1983 claim failed because Plaintiff had both failed to plead any facts showing Defendant acted under color of state law or support it in response to Defendant's motion. Plaintiff objected. The district court considered Plaintiff's objection, independently reviewed the magistrate judge's recommendation, and concluded "[f]or the reasons stated in the Recommendation, the Amended Complaint . . . should be dismissed because Plaintiff fails to state a Title VII claim and does not plausibly allege a Section 1983 claim." *Mallory v. Rocky Mountain Human Serv. SSVFT*, No. 1:21-CV-00133-RMR-SKC, 2022 WL 1295443, at *2 (D. Colo. Mar. 28, 2022) (citation omitted).

But the district court did not stop there—it also considered Defendant's motion for summary judgment. It granted that motion "[f]or similar reasons that Magistrate Judge Crews recommended that the Court grant Defendant's Motion for Judgment on the Pleadings." *Id.* at *3. In doing so, the district court considered documents presented by Defendant showing that it is a nonprofit and not a governmental organization. *Id.* at *4. Thus, the district court concluded that Defendant had carried

its burden to make a prima facie showing that there was no triable issue of fact. *Id.* In the view of the district court, Plaintiff failed to meaningfully respond to that showing and did not carry his burden to show a triable issue of fact. *Id.* Therefore, the district court adopted the magistrate judge's recommendation and granted both Defendant's motion for judgment on the pleadings and motion for summary judgment. *Id.*

We have independently reviewed the magistrate judge's report and recommendation, the district court's order granting Defendant's motion for judgment on the pleadings and motion for summary judgment, and the record on appeal. We discern no error in the district court's disposition of this case and "see no useful purpose in writing at length." *Andrew v. Walzl*, 834 F'Appx. 472, 473 (10th Cir. 2021) (unpublished). Accordingly, we **AFFIRM** the decision below for the reasons stated in the district court's order.

Entered for the Court

Bobby R. Baldock
Circuit Judge